IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| P5 SOLUTIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:18-cv-1380 |
| CHRISTOPHER STEINKE, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Plaintiffs' Motion for an Award of Attorneys' Fees and Costs.

Plaintiff P5 Solutions, Inc. seeks an award of $36,776.50 in attorneys' fees[1] and $662.78 costs in connection with its lawsuit against Defendant, Christopher Steinke. Defendant has filed an opposition, arguing that Plaintiff is not entitled to an award of attorney fees and costs because the Plaintiff's success as a prevailing party was minimal. Defendant also argues that the amount of fees sought by Plaintiff is excessive given the case's posture and ultimate disposition.

On October 23, 2019, the Court partially granted the Plaintiff's Motion for Summary Judgment, ordering Defendant to

---

[1] Plaintiff supplemented the originally requested amount of $35,238.50 with a request for an additional $1,538.00 in fees incurred in connection with preparing a reply brief.

return certain documents he had retained after his employment with Plaintiff was terminated. The Court refused, however, to award Plaintiff monetary damages on account that there was no evidence that Plaintiff was injured by Defendant's retention of the documents. Plaintiff originally filed the instant motion for fees and costs on November 6, 2019, but twelve days later, appealed the Court's order partially granting its motion for summary judgment. On May 20, 2020, the Fourth Circuit dismissed Plaintiff's appeal.

Plaintiff asserts that it is entitled to an award of attorneys' fees and costs pursuant to Paragraph 8 of the parties' employment agreement, which provides that "[t]he parties agree that if Employer prevails in any litigation the Employee shall pay the Employer's reasonable attorneys' fees and costs." In calculating an award of attorneys' fees, a court must first determine the "lodestar fee." Grisson v. Miller Corp., 549 F.3d 313, 320 (4th Cir. 2008). The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. See Perdue v. Kenny A. ex rel Winn, 559 U.S. 542, 553-54 (2010). After calculating a lodestar fee, this Court's calculation of the appropriate award of attorneys' fees is guided by consideration of the twelve Barber factors. Grissom, 549 F.3d at 320-21 (citing Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978), cert. denied, 439 U.S. 934 (1978)). These factors include: (1) the time and labor expended; (2) the novelty and

difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Barber, 577 F.2d at 226 n. 28; see also Hensley v. Eckerhart, 461 U.S. 424, 434 n. 9 (1983) (approving of these twelve factors as named in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). A court must also subtract fees for hours spent on unsuccessful claims. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013).

The Court need not mechanically list or comment on each factor, only those that are applicable. Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.), 86 F.3d 364, 376 (4th Cir. 1996). However, district courts must "set forth clearly findings of fact for fee awards so that [the Fourth Circuit] ha[s] an adequate basis to review for abuse of discretion." Berry v. Schulman, 807 F.3d 600, 617 (4th Cir. 2015). A party seeking a fee

award "bears the burden of establishing the reasonableness of the hourly rates requested." Spell v. McDaniel, 824 F.2d 1380, 1402 (4th Cir. 1987).

A "reasonable rate" must be calculated according to the prevailing market rates in "the community in which the court where the action is prosecuted sits." Rum Creek Coal Sales v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994). In addition to providing attorney affidavits, the fee applicants must establish that the proposed rates are reasonable by producing "satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." Robinson v. Equifax Info. Servs. LLC, 560 F.3d 235, 244 (4th Cir. 2009). The Court's consideration of a reasonable rate is guided by four of the Barber factors: the skill required to properly perform the legal services rendered (factor three); the customary fee for like work (factor five); the experience, reputation and ability of the attorney (factor nine); and attorneys' fees awards in similar cases (factor twelve). See Entegee, Inc. v. Metters Indus., No. 17-cv-499, 2018 U.S. Dist. LEXIS 121222, at *6-7 (E.D. Va. July 19, 2018) (considering factors three, five, nine, and twelve in determining the proper rate).

More specifically, courts in the Alexandria Division have routinely considered and approved rates that are within the "Vienna

Metro" matrix, a case which approved the following range of rates as reasonable for litigation in the division:

| Range of Hourly Rates in Northern Virginia | | | | | |
|---|---|---|---|---|---|
| Years of Experience | 1-3 | 4-7 | 8-10 | 11-19 | 20+ |
| Hourly Rate | $250-435 | $350-600 | $465-640 | $520-770 | $505-820 |

Vienna Metro LLC v. Pulte Home Corp., 1:10-cv-00502, 2011 U.S. Dist. LEXIS 158648, at *18 (E.D. Va. Aug. 24, 2011); see also Entegee, 2018 U.S. Dist. LEXIS 121222, at *6 (collecting cases approving of rates).

Plaintiff's motion included an affidavit setting forth the rates of two attorneys, three paralegals, and one law clerk that worked on the case. Attorney Jeremy Greenberg has six years' experience and charged $350/hour. Attorney J. Barrett Kelly has six years' experience and charged $350/hour. All three paralegals and one law clerk charged $170/hour. Defendant does not dispute that these rates are reasonable. The Court finds that Plaintiff has satisfied its burden to show that the rates of these attorneys, as well as their support staff, are all well-within the Vienna Metro range and are reasonable.

Defendant next argues that Plaintiff is not entitled to any award of attorneys' and costs given the degree of success Plaintiff obtained. Defendant argues that because the only relief Plaintiff obtained was the return of documents which have "zero economic

5

value," the value of that relief when compared to the monetary amount originally sought is *de minimus*. Defendant also contends that he offered to return the documents near the onset of this litigation, but Plaintiff responds that Defendant never catalogued or itemized the documents he had in his possession, and ultimately, never returned them. Plaintiff also argues that it always sought the return of documents in this action, and that although it did not obtain the monetary relief, the fee amount sought in this motion reflects a 50% reduction to account for the lack of monetary relief obtained.

Defendant's argument implicates the eighth Barber factor: the amount in controversy and the results obtained. Under Virginia law, a party has "prevailed" if it received a judgment in its favor, regardless of the amount of damages awarded. See Sheets v. Castle, 263 Va. 407, 413 (2002). However, "the most critical factor" when analyzing an appropriate fee award is "the degree of success obtained." Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998). "When a 'plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.'" Id. at 196-97 (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)).

As an initial matter, the Court does not agree with Defendant that the documents he was forced to return have "zero economic

6

value" to Plaintiff. Although the Court previously determined in its memorandum opinion on the parties' motions for summary judgment that Plaintiff was unable to show that it had been *injured* by Defendant's retention of the documents, that conclusion does not mean that those documents were valueless to Plaintiff. Indeed, the evidenced produced in the case suggests that the documents were quite valuable to Plaintiff because they contained a variety of sensitive business information, including customer lists and other pricing information. Although Defendant is correct that Plaintiff did not obtain the monetary relief it sought, the Court finds that Plaintiff's 50% reduction properly compensates for the discrepancy between the relief originally sought and what was obtained.

Defendant next argues that he has "serious concerns" about the amounts sought in connection with certain tasks performed by Plaintiff's attorneys. First, Defendant argues that the $9,030 sought for activities relating to the depositions of Plaintiff and Defendant is excessive. Plaintiff fails to elaborate on why he has "serious concerns" that this is an excessive amount, and having reviewed the time spent on the depositions, the Court is of the opinion that the amount sought for those activities is not unreasonable. Second, Defendant argues that $3,821 for activities related to preparing trial exhibits and objections to Defendant's exhibits is excessive because the case "never went to trial." The Court disagrees and finds that these amounts are reasonable.

7

Although the case never went to trial, the Court issued its summary judgment opinion after discovery had closed and a trial date had been set. The Court notified the parties that it was removing the trial from the docket two weeks before it was scheduled, so it is very reasonable that Plaintiff would have begun its preparation for trial. Third, Defendant argues that $2,485 spent on activities relating to its motion in limine was excessive. Again, however, Defendant does not elaborate on why he believes that this amount was excessive other than to state that the Court did not rule on the motion. The Court finds that the minimal amount sought in connection with the preparation of that motion is reasonable. Fourth, Defendant identifies the $4,445 spent preparing for this motion (which does not include the additional amount Plaintiff seeks for preparing the reply). Again, however, Defendant makes no argument that Plaintiff is not entitled to recover this amount or that the amount of time was otherwise excessive. "It is settled law in this circuit that a party can recover expenses incurred in preparing a motion for attorneys' fees." Saman v. LBDP, Inc., No. DKC 12-1083, 2013 U.S. Dist. LEXIS 172461, *23 (D. Md. Dec. 6, 2013) (citing Ganey v. Garrison, 813 F.2d 650, 652 (4th Cir. 1987)). The Court therefore finds that the amount sought in connection with preparing this motion is both recoverable and reasonable.

Having determined that the rates are reasonable and finding no merit to Defendant's specific objections, the Court will analyze the balance of the Barber factors. The remaining Barber factors are: (2) the novelty and difficulty of the questions raised; (4) the attorney's opportunity costs in pressing the instant litigation; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (10) the undesirability of the case within the legal community in which the suit arose; and (11) the nature and length of the professional relationship between attorney and client.

Barber's second factor – the novelty and difficulty of the questions raised – does not merit any reduction to the amount sought. While the lawsuit was relatively straight-forward breach of contract action, the overall amount sought reflects its relative simplicity. As to Barber's fourth factor, the "opportunity costs" in pressing the litigation, the Court finds that Plaintiff's attorneys may have been precluded from working on other matters by litigating this case.

Nor does the Court's analysis of Barber factors six and seven – the attorneys' expectations at the outset of litigation and the time limitations imposed by the client or circumstances – produce any reason to reduce the proposed award. Although the expectations for a monetary award may have been higher than what was ultimately sought, Plaintiff's 50% reduction to the overall amount sought

9

adequately compensates for any disparity. Similarly, although there is no evidence of any client-imposed time limitations, the Court is aware of the general time limitations imposed on parties litigating in this division. Lastly, the Court finds that its analysis of Barber factors ten and eleven does not merit any reduction. There is no evidence that the case was undesirable nor any evidence of the nature and length of the professional relationship between the Plaintiff and its attorneys that would merit a reduction.

For these reasons, the Court concludes that Plaintiff is entitled to an award of $36,776.50 in attorneys' fees and $662.78 in costs. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 15, 2020